IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PREMIER PAWN, INC.                                                    PLAINTIFF

VS                                          CIVIL ACTION NO. 3:14-CV-518 DPJ-FKB

THE CITY OF JACKSON                                                  DEFENDANT

ORDER

      This zoning dispute is before the Court on the Motion for Summary Judgment [10] filed by Defendant City of Jackson, Mississippi ("the City").  Because the Court finds that a rational basis exists for the City's zoning decision and that it is not estopped from preventing Plaintiff Premier Pawn's operations in the disputed location, the City's motion is granted.

I.      Facts and Procedural History

      According to its Complaint [1-1], Premier Pawn leased property at 1072 High Street in Jackson, Mississippi, for use as a pawn shop.  The property is located in an area controlled by Ordinance 1104, the "High Street Overlay District," which expressly prohibits the operation of pawn shops.  Def.'s Mot. [10] Ex. F at 170.  Nevertheless, a desk clerk in the zoning office approved Premier Pawn's building permit allowing necessary renovations to the existing building.  Approximately two months later, and after Premier Pawn incurred expenses, the City discovered the error and issued a stop-work order.

      Premier Pawn contends that it detrimentally relied on the City's "actions, inactions, misrepresentations and negligence."  Compl. [1-1] ¶ 79.  It further contends that the City's alleged conduct violated Premier Pawn's state and federal constitutional rights to "free speech, due process of law and equal protection under the law."  *Id.* ¶ 29.  And as relief, Premier Pawn

seeks a temporary restraining order, a preliminary injunction, a permanent injunction, and alternatively, monetary damages.

The City is the only remaining defendant in this matter, and it moved for summary judgment [10] on May 21, 2015.  Premier Pawn initially failed to respond but did so [13] following the Court's Show Cause Order [12].  The City has replied [15].  The Court has personal and subject-matter jurisdiction and is prepared to rule.

II.      Standard

Summary judgment is warranted under Rule 56 of the Federal Rules of Civil Procedure when evidence reveals "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "The party moving for summary judgment bears the initial burden of 'informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'"  *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) (alteration in original) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); *see also Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 422 (5th Cir. 2007) (noting that the moving party bears the "burden of demonstrating that there is no genuine issue of material fact"); Fed. R. Civ. P. 56(c)(1)(A).  "The non-moving party must then come forward with specific facts showing there is a genuine issue for trial."  *Washburn*, 504 F.3d at 508; *see also* Fed. R. Civ. P. 56(c)(1)(A), (B).  Finally, when, as here, "a party fails to properly support an assertion of fact . . ., the court may . . . grant summary judgment if the motion and supporting materials    including the facts considered undisputed    show that the movant is entitled to it."  Fed. R. Civ. P. 56(e)(3).

III.     Analysis

The parties have narrowed the dispute to two issues:  (1) whether the City violated Premier Pawn's constitutional rights; and (2) whether the City is estopped from enforcing the Overlay District.

A.     Constitutional Claims

It is somewhat difficult to tell which constitutional claims Premier Pawn advances.  The City focuses its initial memorandum on the equal-protection claim pleaded in the Complaint.  But Premier Pawn responds that its claims are not limited "as stated in Defendants [sic] memoranda."  Pl.'s Resp. [14] at 9.  Unfortunately, Premier Pawn never articulates any specific constitutional claim in its brief, arguing instead that the City holds the burden of proving a rational basis for its decision and has failed to do so.  *See id*. at 2  3.  Regardless, Premier Pawn did plead an equal-protection claim in its Complaint *id.* at 3, and the Court therefore starts with that claim.

1.     Equal Protection[1]

To succeed on a class-of-one claim, "the plaintiff must establish (1) [it] was intentionally treated differently from others similarly situated and (2) there was no rational basis for any such difference."  *Wilson v. Birnberg*, 667 F.3d 591, 599 (5th Cir. 2012) (internal quotation marks omitted).  Premier Pawn offers no supporting facts and little argument establishing these prongs.

---

[1]Though Premier Pawn never states what type of equal-protection claim it pursues, the City construes it as a class-of-one claim.  Premier Pawn neither objects to that characterization nor offers evidence of a class-based claim.  The Court therefore adopts that construction of the claim.

Instead, it simply argues that these are questions of fact and the City has not met *its* burden of showing that the decision was rational.

Premier Pawn's argument fails for two reasons.  First, the existence, *vel non*, of a rational basis is not a question of fact.  *See FM Props. Operating Co. v. City of Austin*, 93 F.3d 167, 172 n.6 (5th Cir. 1996).  Second, it is the plaintiff, not the state actor, that "must carry the heavy burden of 'negativ[ing] any reasonably conceivable state of facts that could provide a rational basis' for their differential treatment."  *Lindquist v. City of Pasadena, Tex.*, 525 F.3d 383, 387 (5th Cir. 2008).  Of course the City does have an initial burden under Rule 56 to show that no genuine factual dispute exists.  *See* Fed. R. Civ. P. 56(c); *see also* Fed. R. Civ. P. 56(e)(3).  And for the reasons that follow, the Court concludes that it has.

Starting with the first equal-protection prong, the City notes the lack of a similarly situated comparator.  Def.'s Mem. [11] at 2.  Premier Pawn responds by identifying one potential candidate, "Boots and More," a business Premier Pawn describes as a "clothing store."  Pl.'s Mem. [14] at 3.  There is no dispute that Boots and More conducts business in the Overlay District.  But the question is whether the two businesses are similarly situated, and determining that question requires consideration of "'the full variety of factors that an objectively reasonable . . . decisionmaker would have found relevant in making the challenged decision.'"  *Lindquist v. City of Pasadena Tex.*, 669 F.3d 225, 234 (5th Cir. 2012) (alteration in original).  Here, Premier Pawn mentions Boots and Moore in its memorandum, but it has offered no record evidence from which the Court could conduct the necessary analysis.  *Cf.* Rule 56(c)(1)(A) ("A party asserting

that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . .").[2]

Even accepting that Boots and Moore is a comparator that was treated differently, Premier Pawn has not shown that the City had "no rational basis for any such difference." *Wilson*, 667 F.3d at 599. "[E]qual protection is not a license for courts to judge the wisdom, fairness, or logic of legislative choices." *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993). "Where there are 'plausible reasons' for [governmental] action, 'our inquiry is at an end.'" *Id.* at 313 14.

Here, Section 1104.01 of the High Street Overlay District ordinance describes High Street as a "high impact corridor to our Mississippi State Capitol Building, the Mississippi State Governmental Complex and the much-used Mississippi State fairgrounds." Def.'s Mot. [10] Ex. F at 168. The truth of this finding is not disputed, nor could it be. The ordinance then states that its purpose is to "redevelop, enhance, and perpetuate those aspects of the High Street that have architectural, cultural, and/or historical significance," and it further states the intent to "[e]stablish the 'gateway' character of the district." *Id.* The ordinance is clearly designed to put the City's "best foot forward" to those visiting the State's capitol and therefore excludes certain businesses deemed incompatible with the ordinance's objectives. *See id.* at 170 71. The list of excluded businesses includes, among others, adult-entertainment stores, liquor stores, junk yards, and pawn shops. *Id.* Apparel stores   like Boots and Moore   are permitted. *Cf. id.* at 170 71.

---

[2] For example, the disputed zoning ordinance exempts previously existing businesses. Def.'s Mot. [10] Ex. F at 168. Premier Pawn says Boots and More is "currently located" in the Overlay District. Pl.'s Mem. [14] at 3. But if the business predated the ordinance, then the two would not be similarly situated. In any event, Premier Pawn has not submitted record evidence that would allow evaluation and has not met its burden under Rule 56(c) on this issue.

The Court will not second guess the City's decision to treat the businesses differently under its ordinance. Boots and Moore sells apparel, while Premier Pawn intended to sell guns and other merchandise. In light of the legitimate goals of the High Street Overlay District, a rational basis existed for treating the two businesses differently. The equal-protection claim fails.

2.    Other Constitutional Claims

Though not referenced in Premier Pawn's response, its Complaint mentions free-speech and due-process claims. Neither claim prevails. First, no basis for a free-speech claim has been advanced. Second, there was no due-process violation. Premier Pawn never states the type of due-process claim it intends, but to the extent it relies on the alleged absence of a rational basis, that argument fails for the reasons more fully stated above. In summary, the governmental interest in establishing standards for the main road leading to the Mississippi State Capitol are apparent. And treating apparel stores and pawn shops differently under those standards easily passes a rational-basis test. The constitutional claims are dismissed.

B.    Estoppel/Latches[3]

In general terms, Premier Pawn argues that an unidentified desk clerk issued a building permit despite the conflict with the Overlay District. It therefore maintains that the City was estopped from issuing the stop-work order upon discovering the error. The Court can certainly understand why Premier Pawn would feel aggrieved. But assuming this claim is not barred for

---

[3]In its response, Premier Pawn uses the word "laches," but its substantive legal arguments focus on an estoppel theory. There are varying forms of laches, estoppel, and even estoppel by laches, but the two theories are not coterminous. *See, e.g.*, *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 616 F.2d 1315, 1325 (5th Cir. 1980). The Court therefore focuses on the estoppel claim Premier Pawn advances in its brief and finds that any others have been abandoned.

6

lack of statutory notice, it is otherwise deficient for lack of evidence that the clerk was authorized to grant an exemption to the ordinance.[4]

As the City noted, "ordinarily the unauthorized acts of one of its officials does not estop a municipality from acting in its governmental capacity." *Suggs v. Town of Caledonia*, 470 So. 2d 1055, 1057 (Miss. 1985). Mississippi's appellate courts have frequently applied this rule, even when the governmental entity itself   as opposed to lower-level employees   takes some official act. *See Bd. of Educ. of Lamar Cnty., Miss. v. Hudson*, 585 So. 2d 683, 688  89 (Miss. 1991) (en banc) (rejecting estoppel claim where governmental lease of sixteenth-section land violated state law); *Home Base Litter Control, LLC v. Claiborne Cnty., Miss.*, No. 2014-CA-00068-COA, 2015 WL 3777550, at *6 (Miss. Ct. App. June 16, 2015) (holding that county was not estopped by terms of contract it officially entered because terms violated Mississippi law).

Here, the City contends that "[t]he unauthorized act of an unidentified City employee [in issuing the permit] does not yield liability under Mississippi State law." Def.'s Mem. [11] at 14. Premier Pawn never directly addresses this point. Instead, it merely states, "Plaintiff sought all necessary official actions and the Defendant officially acted when it issued the permit." Pl.'s

---

[4]The City, in its opening brief, argued that Premier Pawn "cannot prevail on any state-law claims because Plaintiff failed to file a Notice of Claim pursuant to the Mississippi Tort Claims Act." Def.'s Mem. [11] at 1; *see also* Miss. Code Ann. § 11-46-11(1). Estoppel is raised as a "claim" in the Complaint, Comp. [1-1] ¶ 21, and Premier Pawn characterizes it as a "claim for injunctive relief" in its response. Pl.'s Mem. [14] at 5. Such a claim would arise under state law, and the notice requirement found in section 11-46-11(1) applies equally to "any action at law or in equity." Miss. Code Ann. § 11-46-11(1). The question becomes whether the claim arises in tort or contract. *See Suddith v. Univ. of S. Miss.*, 977 So. 2d 1158, 1177 (Miss. Ct. App. 2007) (en banc) (holding that equitable/promissory estoppel claim in that case sounded in contract and was not subject to notice provision). An argument could be made that the claim in this case is linked to the misrepresentation tort claim pleaded in the Complaint. But because the parties did not brief the issue, the Court will turn to the merits.

Mem. [14] at 7.  Conclusory allegations, speculation, and unsubstantiated assertions do not constitute an adequate substitute for specific facts showing a genuine issue for trial.  *See TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002).  Absent relevant legal authority or record evidence suggesting that the unidentified desk clerk was authorized to grant an exemption to the express terms of the Overlay District ordinance, the Court finds that the City is entitled to summary judgment on this claim.

  C.  Injunctive Relief

  Because Premier Pawn's claims fail on the merits, the parties' dispute over injunctive relief is moot.

IV. Conclusion

  The Court has considered all of the parties' arguments.  Those not referenced would not change the results.  For the reasons stated, the Motion for Summary Judgment [10] filed by the City of Jackson is granted, and Premier Pawn's claims are dismissed with prejudice.

  A separate final judgment will be entered in this action in accordance with Federal Rule of Civil Procedure 58.

  **SO ORDERED AND ADJUDGED** this the 22nd day of July, 2015.

      s/ *Daniel P. Jordan III*
      UNITED STATES DISTRICT JUDGE